UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
OLGA KOSTOVSKI, et al.,

                    Plaintiffs,                   **MEMORANDUM AND ORDER**

      -against-                                09-CV-2382 (ENV)

**THE CITY OF NEW YORK, et al.**,

                    Defendants.
----------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

In response to this Court's Order of June 8, 2009, questioning the timeliness of defendant PSCH Inc.'s Notice of Removal, defendant PSCH filed an Amended Notice of Removal in which it asserted that it "was granted an extension of time to answer until June 12, 2009 by stipulation[,]" and that therefore "removal is timely." Amended Notice of Removal ¶ 3. However, the law is clear that "[t]he extension of time to answer a state court action does not extend time for removal under a federal statute." Silvester + Tafuro, Inc. v. Daniel Cline & Assocs., Inc., No. 03 Civ. 9954 (CSH), 2004 WL 345516, at *2 (S.D.N.Y. Feb. 24, 2004) (citing Reliance Ins. Co. v. Van Liew Cap., Inc., No. 00 Civ. 0471 (NRB), 2000 WL 224104, at *1 (S.D.N.Y. Feb. 28, 2000), and Bertrand v. Vingan, 899 F.Supp. 1198, 1199 (S.D.N.Y. 1995)); see Nicola Prods. Corp. v. Showart Kitchens, Inc., 682 F.Supp. 171, 173-74 (E.D.N.Y. 1988).

Accordingly, defendant PSCH did not timely remove the case to this Court. Therefore, by June 25, 2009, the parties shall file a stipulation remanding the case to state court or

plaintiff shall notify the Court, in writing, that it will file a timely motion to remand or that it consents to have the case remain in federal court.

**SO ORDERED.**

**Dated:** **Brooklyn, New York**
**June 22, 2009**

                              **ROANNE L. MANN**
                              **UNITED STATES MAGISTRATE JUDGE**